UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F I L E D

JUN 0 7 2010

CLERK'S OFFICE
DETROIT

DAVID SUTHERLIN, #271305,

        Plaintiff,

v.

                                            CASE NO. 2:10-CV-12157
                                            HONORABLE ANNA DIGGS TAYLOR

OFFICER OLIVER, et al.,

        Defendants.

_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES
## DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Before the Court is Plaintiff David Sutherlin's *pro se* civil rights complaint brought pursuant

to 42 U.S.C. § 1983. Plaintiff is a Michigan prisoner currently confined at the Oaks Correctional

Facility in Eastlake, Michigan. The actions giving rise to the complaint appear to have occurred

while he was confined at the Ionia Maximum Correctional Facility in Ionia, Michigan. Although

the complaint is difficult to read, Plaintiff seems to assert that corrections officers sexually assaulted

him while he was confined at the Ionia Maximum Correctional Facility. He names several

corrections officers as defendants in this action. He sues the defendants in their personal capacities

and seeks monetary damages and injunctive relief.

The proper venue for civil actions in which jurisdiction is not based on diversity of

citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the

same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a

substantial part of the property in question is situated; or (3) any defendant may be found if there is

1

no other district in which plaintiff may bring the action. 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses, in the interest of justice.

Having reviewed the complaint, the Court finds that the United States District Court for the Western District of Michigan is a more appropriate forum for this action. Plaintiff resides in Manistee County, most, if not all, of the defendants reside in Ionia County, and the events giving rise to the complaint occurred in Ionia County. Both Manistee County and Ionia County lie in the Southern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. *See* 28 U.S.C. §§ 1391(b) and 1404(a).


S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 7, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 7, 2010.


S/G. Wilson
Judicial Assistant